# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| NIKIESHA CLEVELAND, on behalf of herself and others similarly situated, | ) ) ) CASE NO. |
| Plaintiff, | ) ) JUDGE |
| v. | ) ) **CLASS AND COLLECTIVE ACTION** |
| FOUNDATIONS HEALTH SOLUTIONS, INC., | ) **COMPLAINT** ) ) **JURY DEMAND INCLUDED HEREON** |
| Defendant. | ) ) |

Representative Plaintiff Nikiesha Cleveland ("Representative Plaintiff"), by and through counsel, for her Class and Collective Action Complaint against Defendant Foundations Health Solutions, Inc. ("Defendant"), states and alleges as follows:

## INTRODUCTION

1. This case challenges policies and practices of Defendant that violated the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"), as well as the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code § 4111.03 ("OMFWSA").

2. Representative Plaintiff brings this FLSA collective action on behalf of herself and other similarly situated persons who may join this case pursuant to 29 U.S.C. § 216(b) (the "FLSA Collective Class").

3. Representative Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and others similarly situated under the OMFWSA (the "Ohio Class").

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Representative Plaintiff's FLSA claims pursuant

to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Representative Plaintiff's claims under Ohio law because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. §1391(b) because Defendant's principal place of business is in this district and division and a substantial part of the events or omissions giving rise to Representative Plaintiff's claims occurred here.

## PARTIES

7. Representative Plaintiff is a resident of Ohio.

8. Representative Plaintiff was employed by Defendant from approximately August 9, 2018 to July 13, 2021 as an hourly, non-exempt employee.

9. At all relevant times, Representative Plaintiff worked for Defendant as a State Tested Nursing Assistant ("STNA") at one of Defendant's facilities located in Chardon, Ohio.

10. At all relevant times, Representative Plaintiff regularly worked forty (40) or more hours per workweek.

11. Defendant is a for profit corporation organized under the laws of the state of Ohio and maintaining a principal place of business in Ohio.

12. Defendant is in the business of operating facilities that offer skilled nursing, physical therapy, occupational therapy, respite care, and hospice care.

13. Defendant can be served through its Statutory Agent, Ohio Agent Solutions, at 25000 Country Club Blvd., Suite 255, North Olmsted, OH 44070.

14. At all relevant times, Representative Plaintiff and other similarly situated persons were "employees" within the meaning of the FLSA and the OMFWSA.

15. At all relevant times, Defendant was an "employer" within the meaning of the FLSA and the OMFWSA.

16. At all relevant times, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

17. At all relevant times, Representative Plaintiff and those similarly situated were employees engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

18. Representative Plaintiff's written consent to join this action is being filed pursuant to 29 U.S.C. § 216(b) and is attached as **Exhibit A**.

## FACTUAL ALLEGATIONS

19. At all relevant times, Defendant employed hourly, non-exempt STNAs, including Representative Plaintiff. Defendant's hourly, non-exempt employees will hereinafter be referred to as "STNAs".

20. At all relevant times, Defendant's STNAs worked forty (40) or more hours per workweek.

21. At all relevant times, Defendant knew that it was required to pay its STNAs for all hours worked and to pay them all of their overtime compensation.

22. At all relevant times, Defendant had a policy of automatically deducting 30 minutes from its STNAs' daily work hours for a meal break.

23. Many times, STNAs either did not take a meal break or had their meal break interrupted by work duties. Nonetheless, Defendant still automatically deducted a 30-minute meal break from its STNAs' daily work hours.

24. Defendant's automatic deduction of a 30-minute meal break from its STNAs'

daily work hours for meal breaks that were not taken or that were interrupted by work duties resulted in Defendant's STNAs not being paid all of their overtime compensation in violation of the FLSA and the OMFWSA.

25. Defendant knowingly and willfully failed to pay its STNAs for the time they spent working during the automatically deducted meal break. For example, because Defendant's facilities were regularly short-staffed, it knew Representative Plaintiff and the FLSA Collective Class Members were routinely working through unpaid lunch breaks.

## COLLECTIVE ACTION ALLEGATIONS

26. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

27. Representative Plaintiff brings this case as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and others similarly situated who have similar claims under the FLSA (the "FLSA Collective Class"). The FLSA Collective Class is defined as:

> **All current and former STNAs who were employed by Defendant and who worked 40 or more hours in any workweek at any time in the three (3) years preceding the date of the filing of this Action to the present.**

28. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that: (1) they were hourly, non-exempt employees of Defendant; (2) they were entitled to overtime compensation for hours worked in excess of forty (40) hours per workweek; (3) they were subjected to and injured by Defendant's unlawful practice of automatically deducting a 30-minute meal break from their daily work hours even when they took no break or their breaks were interrupted by work duties; and (4) they have the same claim for unpaid overtime, liquidated damages, attorneys' fees, and costs.

29. Conditional certification of this case as a collective action pursuant to 29 U.S.C.

§216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

30. The persons similarly situated to Representative Plaintiff are readily identifiable through the payroll records Defendant have maintained, and were required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. Art. II, § 34a.

## CLASS ACTION ALLEGATIONS
### (Ohio Class)

31. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

32. Representative Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and others similarly situated who have similar claims under the laws of the State of Ohio (the "Ohio Class"). The Ohio Class is defined as:

> **All current and former STNAs who were employed by Defendant who worked 40 or more hours in any workweek at any time in the two (2) years preceding the date of the filing of this Action to the present.**

33. The Ohio Class is so numerous that joinder of all class members is impracticable. The exact number of class members as well as their identities are ascertainable from the payroll records Defendant has maintained, and was required to maintain pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. Art. II, § 34a.

34. There are questions of law or fact common to the Ohio Class, including but not limited to:

> Whether Defendant failed to pay Representative Plaintiff and other class members for the time they spent working through their meal breaks?

> Whether Defendant's failure to pay Representative Plaintiff and other class members for the time they spent working through their meal breaks resulted in unpaid overtime compensation?

        Whether Defendant kept adequate records of the hours worked by Representative Plaintiff and the other class members?

35.     Representative Plaintiff's claims are typical of the claims of other members of the Ohio Class. Representative Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other class members.

36.     Representative Plaintiff will fairly and adequately protect the interests of the Ohio Class. Representative Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Representative Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

37.     The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

38.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

39. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

40. Representative Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of herself and the FLSA Collective Class members who may join this case pursuant to 29 U.S.C. § 216(b).

41. At all times relevant, Representative Plaintiff and others similarly situated were "employees" within the meaning of the FLSA.

42. At all times relevant, Defendant was an "employer" within the meaning of the FLSA.

43. At all times relevant, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

44. At all times relevant, Representative Plaintiff and those similarly situated were employees engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

45. The FLSA requires that Defendant's non-exempt employees receive overtime compensation for all hours worked in excess of forty (40) in a workweek.

46. During the three-years preceding the filing of this Complaint, Defendant employed the Representative Plaintiff and the FLSA Collective Class Members as non-exempt employees.

47. Representative Plaintiff and the FLSA Collective Class Members regularly worked forty (40) or more hours per workweek.

48. As non-exempt employees, Representative Plaintiff and the FLSA Collective Class Members should have been paid overtime compensation at the rate of one and one-half times

their regular rate of pay for all hours worked in excess of forty (40) hours per workweek.

49. Defendant violated the FLSA with respect to the Representative Plaintiff and the FLSA Collective Class by failing to pay overtime for all hours worked over forty (40) hours in a workweek because of Defendant's companywide policy of automatically deducting a 30-minute meal break from the Representative Plaintiff's and the FLSA Collective Class Members' daily work hours for meal breaks that were not taken or meal breaks that were interrupted by work duties.

50. At all relevant times, Defendant knew that it was required to pay Representative Plaintiff and the FLSA Collective Class Members overtime compensation.

51. By engaging in the practice described herein, Defendant willfully violated the FLSA.

52. As a result of Defendant's violations of the FLSA, Representative Plaintiff and the FLSA Collective Class Members were injured in that they did not receive overtime compensation due to them pursuant to the FLSA. Accordingly, Representative Plaintiff and the FLSA Collective Class Members are entitled to their unpaid overtime compensation, liquidated damages, attorneys' fees and costs.

## COUNT TWO
### (Ohio Overtime Violations)

53. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

54. Representative Plaintiff brings this claim for violation of the OMFWSA on behalf of herself and the Ohio Class members for which certification is sought pursuant to Fed. R. Civ. P. 23.

55. At all times relevant, Representative Plaintiff and others similarly situated were

"employees" within the meaning of the OMFWSA.

56. At all times relevant, Defendant was an employer covered by the OMFWSA.

57. The OMFWSA requires that Defendant's non-exempt employees receive overtime compensation for all hours worked in excess of forty (40) in a workweek.

58. At all relevant times, Defendant employed the Representative Plaintiff and the Ohio Class Members as non-exempt employees.

59. Representative Plaintiff and the Ohio Class Members regularly worked forty (40) or more hours per workweek.

60. As non-exempt employees, Representative Plaintiff and the Ohio Class Members should have been paid overtime compensation at the rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per workweek.

61. Defendant violated the OMFWSA with respect to the Representative Plaintiff and the Ohio Class by failing to pay overtime for all hours worked over forty (40) hours in a workweek because of Defendant's companywide policy of automatically deducting a 30-minute meal break deduction from the Representative Plaintiff's and the Ohio Class Members' daily work hours for meal breaks that were not taken at all or meal breaks that were interrupted by work duties.

62. Defendant's violations of the OMFWSA injured Representative Plaintiff and the Ohio Class members in that they did not receive overtime compensation due to them pursuant to that statute. Accordingly, Representative Plaintiff and the FLSA Collective Class Members are entitled to their unpaid overtime compensation, attorneys' fees and costs.

**PRAYER FOR RELIEF**

**WHEREFORE,** Representative Plaintiff, and all similarly situated employees, collectively pray that this Honorable Court:

    A.    Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt in;

    B.    Certify this case as a class action pursuant to Fed. R. Civ. P. 23;

    C.    Enter judgment against Defendant and in favor of Representative Plaintiff, the FLSA Collective Class and the Ohio Class;

    D.    Award compensatory damages to Representative Plaintiff, the FLSA Collective Class and the Ohio Class in the amount of their unpaid wages, as well as liquidated damages in an equal amount;

    E.    Award Representative Plaintiff, the FLSA Collective and the Ohio Class pre-judgment and post-judgment interest at the statutory rate; and

    F.    Award Representative Plaintiff, the FLSA Collective Class and the Ohio Class their costs and attorney's fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Robi J. Baishnab*
Robi J. Baishnab (0086195)
1360 E. 9th Street, Suite 808
Cleveland, Ohio 44114
Telephone: 216-230-2955
Facsimile: 330-754-1430
Email: rbaishnab@ohlaborlaw.com

Shannon M. Draher (0074304)
Hans A. Nilges (0076017)
7266 Portage St., N.W., Suite D
Massillon, Ohio 44646
Telephone: 330-470-4428
Facsimile: 330-754-1430
Email: sdraher@ohlaborlaw.com
  hans@ohlaborlaw.com

*Counsel for Representative Plaintiff*

## JURY DEMAND

Representative Plaintiff hereby demands a trial by jury on all claims so triable.

*/s/ Robi J. Baishnab*
Robi J. Baishnab (0086195)

*Counsel for Representative Plaintiff*

11