## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **NIKIESHA CLEVELAND,** | ) | **CASE NO. 1:21CV1713** |
| | ) | |
| **Plaintiff,** | ) | **SENIOR JUDGE** |
| | ) | **CHRISTOPHER A. BOYKO** |
| **vs.** | ) | |
| | ) | **OPINION AND ORDER** |
| **FOUNDATIONS HEALTH** | ) | |
| **SOLUTIONS, INC.,** | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, SR. J.**:

This matter comes before the Court upon the Motion (ECF DKT #20) of

Representative Plaintiff Nikiesha Cleveland for Conditional Certification and Court-

Supervised Notice to Potential Opt-In Plaintiffs.  For the following reasons, the Motion is

granted in part.

### I. BACKGROUND

On September 2, 2021, Plaintiff Nikiesha Cleveland brought a Complaint for relief

pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) and Rule 23 of the

Federal Rules of Civil Procedure ("Fed.R.Civ.P.").  Plaintiff is a State Tested Nursing Aide

("STNA"); and she and other similarly-situated STNA's were employed at the facilities

operated by Defendant Foundations Health Solutions, Inc. in Northeast Ohio.  Defendant is an

Ohio corporation that offers skilled nursing, physical therapy, occupational therapy, respite

care, and hospice care at locations such as Heather Hill, Canterbury Villa, Heritage of

Hudson, Huntington Woods, Woods on French Creek and Siena Gardens.

Plaintiff alleges that Defendant violated the FLSA by failing to pay the STNA's overtime for all hours worked over 40 hours in a workweek.  The alleged FLSA violation occurred because of Defendant's companywide policy of automatically deducting a 30-minute meal break, even when meal breaks were not taken or meal breaks were interrupted by work duties.  Because Defendant's facilities were often short-staffed, Defendant knew that Plaintiff and other STNA's routinely worked through their unpaid lunch breaks.  By engaging in the practice of automatically deducting meal breaks and failing to pay overtime, Plaintiff claims that Defendant willfully violated the FLSA.

Plaintiff moves for conditional certification of an FLSA collective class defined as:

> All current and former STNAs who were employed by Defendant and
> who worked 40 or more hours in any workweek at any time in the three
> (3) years preceding the date of the filing of this Action to the present.

Defendant argues that its policies do not violate the FLSA.  Defendant has a policy to provide an unpaid 30-minute meal period to employees who work more than five hours, and to automatically deduct that 30-minute period from the employee's time record.  When an employee works during the meal period, then the employee is required to report the missed meal period on a form known as a "payroll exception report" ( "PER") or "missed punch form" to enable the facility to compensate the employee for that work time.  If an employee submits a PER which documents work during a meal period, the payroll department reverses the automatic meal break deduction for the employee on the date at issue.  The employee is paid for the missed meal break period with the time coded as "LW" for "lunch worked."

This procedure is set out in the Employee Handbook and is explained to new hires at orientation.  According to Defendant, Plaintiff and the potential opt-ins were fully paid for

-2-

every minute reported on a PER for work performed during a meal period.

Defendant asserts that Plaintiff is not similarly-situated to other potential members of the collective class; that the proposed opt-ins worked at different facilities under different, unidentified supervisors; and that individualized issues predominate over common ones.

## II. STANDARD OF REVIEW

An employee may bring an action on behalf of himself and other "similarly situated" employees pursuant to 29 U.S.C. § 216(b).  Unlike typical class actions, each employee wishing to join the collective action must affirmatively "opt in" by filing written consent.  *Id*.  District courts have the discretion to facilitate notice to potential plaintiffs.  *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989).  Before facilitating notice, courts must determine whether the potential class members are "similarly-situated" under Section 216(b) of the FLSA.

The Sixth Circuit has expressed approval for a two-phase test.  *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 547 (6th Cir. 2006).  The first phase takes place at the beginning of discovery when the court has minimal evidence.  *Id*. at 546.  In the first phase, courts may grant conditional class certification upon a modest factual showing sufficient to demonstrate that the putative class members were the victims of a single decision, policy or plan.  *Comer*, 454 F.3d at 547; *Goldman v. RadioShack Corp.*, No. 03-0032, 2003 U.S. Dist. LEXIS 7611, at *20 (E.D. Pa. Apr. 16, 2003).  Plaintiffs must show that their "position is similar, not identical, to the positions held by the putative class members."  *Id*. at 546-47.  Plaintiffs must only establish some "factual nexus" between themselves and the potential class members.  *Harrison v. McDonald's Corp.*, 411 F. Supp. 2d 862, 868 (S.D. Ohio 2005) (*citing Jackson v.*

*New York Tel. Co.*, 163 F.R.D. 429, 432 (S.D.N.Y. 1995)).

The second phase occurs once "all of the opt-in forms have been received and discovery has concluded."  *Comer*, 454 F.3d at 546.  During the second phase, courts have discretion to make a more thorough finding regarding the "similarly situated" requirement. *Id*. at 547.  "If the claimants are similarly situated, the district court allows the representative action to proceed to trial.  If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice."  *Douglas v. GE Energy Reuter Stokes*, No. 07-077, 2007 U.S. Dist. LEXIS 32449, at *14 (N.D. Ohio Apr. 30, 2007) (*quoting Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001)).

### III. LAW AND ANALYSIS

Having considered the evidence and arguments submitted by the parties, the Court finds that, at this stage of the proceedings, Plaintiff has met her "slight" burden and is entitled to conditional certification.

Plaintiff has satisfied her initial modest burden through her Declaration and that of other STNA's.  (ECF DKT #20-3).

The Declarants identify themselves as STNA's who work or worked at one of Defendant's facilities.  They were paid on an hourly basis.  The company policy of deducting 30 minutes from daily hours worked for meal breaks that were not taken or were interrupted by work duties due to staffing issues, resulted in unpaid overtime.  The Declarants observed other hourly employees who experienced the same treatment.  Their supervisors knew that the STNA's were not taking meal breaks or that the breaks were not uninterrupted.  The automatic

30-minute deductions were not credited back.

Defendant insists that not all of the STNA-employees worked more than 40 hours in a workweek.  Also, Defendant argues that a number of the Declarants submitted PER's and had the automatic deduction reversed.  If any of the Declarants were not compensated, then it was due to their failure to follow the established written policy.

At this juncture, "the Court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *Waggoner v. U.S. Bancorp*, 110 F. Supp. 3d 759, 765 (N.D. Ohio 2015) citing *Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 214 (S.D.Ohio 2011).

For the Court to consider Plaintiffs "similarly situated," it is enough if their "claims [are] unified by common theories of defendants' statutory violations, even if the proofs of those theories are inevitably individualized and distinct." *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 584 (6th Cir. 2009).  The "first stage" or notice standard is "fairly lenient," requiring only that Plaintiffs "submit evidence establishing at least a colorable basis for [their] claim that a class of 'similarly situated' plaintiffs exists." *Olivo v. GMAC Mortgage Corp.*, 374 F.Supp.2d 545, 548 (E.D.Mich. 2004) (internal quotes and citations omitted).

Therefore, the Court finds that Plaintiff has made the necessary, modest showing of a colorable claim that a class of similarly-situated plaintiff-employees exists.

The Court further finds that the three-year limitation period governs because the Complaint sets forth allegations that the FLSA violations were willful.  (ECF DKT #1 at ¶¶ 50-51).  In that regard, the Court cautions the parties that a collective action is commenced

-5-

on the date the Complaint is filed for the named Plaintiff who has filed her consent and, for opt-in plaintiffs, on the subsequent date on which a written consent is filed.  See 29 U.S.C. § 256.

**Class definition**

For the sake of consistency, where the Complaint alleges only FLSA overtime violations, the Court amends the Collective Class Definition to read:

> All current and former State Tested Nursing Aides (STNA's) who were employed by Defendant Foundations Health Solutions, Inc. at any time from September 2, 2018 to the present.

**Court-authorized notice and expedited discovery**

Plaintiff requests permission to send notices and to receive responses from potential collective action opt-ins by regular U.S. mail, email and text message.  Plaintiff further requests a timeframe of 60 days within which class members may return the opt-in forms, and asks for expedited disclosure of employee names and contact information.

The Court will allow Representative Plaintiff to provide notice via U.S. mail and email.  This will ensure that putative class members will receive notice of the suit by at least one method, and will eliminate concerns regarding inaccurate residential addresses or delays in mail service.  *See Green v. Verita Telecommunications Corp.*, No.1:20CV2872, 2021 WL 2227379 (N.D.Ohio June 2, 2021).  This aligns with the type of notice approved by district courts throughout this Circuit.

The Court will permit Plaintiff to utilize text messaging only upon a showing that notice by U.S. mail and email was insufficient as to any given potential opt-in plaintiff. Plaintiff may not send notice to any potential class member by text message absent express

-6-

further permission from the Court.

In view of this prohibition against text message notice, Plaintiff's proposed Consent Form shall be amended to exclude the request for the opt-in's telephone number.

The Court acknowledges that the COVID-19 pandemic has impacted mail service; so, 60 days is an acceptable period in which opt-ins may submit their Consent Forms.

The Court amends Plaintiff's request for expedited discovery. Plaintiff shall file the amended Notice and Consent Forms in accordance with the Court's directives within 7 days of receipt of this Order. Then, within 21 days after the Court approves Plaintiff's amended Notice and Consent Forms, Defendant shall produce (in Microsoft Excel or comma-delimited format) a roster of all individuals that fit the approved collective class definition including their full names, dates of employment, job titles, last known home addresses and personal email addresses. No later than 14 days after receiving Defendant's discovery, Plaintiff shall mail and email the Notice and Consent Forms to the putative collective class members.

## IV. CONCLUSION

For these reasons, and in accordance with the Court's directions detailed in this Order for amending the Class Definition, the Notice and the Consent Forms, the Motion (ECF DKT #20) of Representative Plaintiff Nikiesha Cleveland for Conditional Certification and Court-Supervised Notice to Potential Opt-In Plaintiffs is granted in part.

While Plaintiff has met her burden under the lenient standard applicable to the notification phase, the Court will revisit the "similarly situated" requirement once the opt-in forms are submitted. If the potential claimants are not similarly situated after further discovery, the Court will decertify the Class and the Opt-in Plaintiffs will be dismissed

without prejudice.


**IT IS SO ORDERED.**

**DATE: July 26, 2022**

                                      **s/Christopher A. Boyko**
                                    **CHRISTOPHER A. BOYKO**
                                    **Senior United States District Judge**