# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| NIKIESHA CLEVELAND, on behalf of herself and others similarly situated, | Case No. 1:21-cv-01713-CAB |
| | Judge Christopher A. Boyko |
| Plaintiff, | |
| v. | **ORDER GRANTING APPROVAL OF FLSA SETTLEMENT** |
| FOUNDATIONS HEALTH SOLUTIONS, LLC., | |
| Defendant. | |

This matter is before the Court on the Parties' Joint Motion for Approval of FLSA Collective Action Settlement (the "Joint Motion") pursuant to Section 16(b) of the Fair Labor Standards Act (the, "FLSA"), 29 U.S.C. § 216(b). The Joint Motion asks the Court to approve, as fair and reasonable, the proposed FLSA collective action settlement reached by Representative Plaintiff Nikeisha Cleveland and Defendant Foundations Health Solutions, LLC (collectively, the "Parties") and memorialized in the Collective Action Settlement Agreement and Release ("Settlement" or "Agreement")[1] attached to the Joint Motion as Exhibit 1.

Having reviewed the Joint Motion, the Agreement and its Exhibits, the Declaration of Shannon M. Draher, and the pleadings and papers on file in this Action, and for good cause established therein, the Court enters this stipulated Order approving the Agreement, the proposed Service Award, and the proposed Attorneys' Fees and Costs to Plaintiffs' Counsel, as follows:

1. On September 2, 2021, Representative Plaintiff filed this lawsuit, on behalf of herself and others similarly situated, asserting claims against Defendant under the FLSA and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"). Specifically, Representative Plaintiff

---

[1] All capitalized terms not defined in this Joint Motion shall have the meanings ascribed to them in the Agreement.

alleged that Defendant failed to pay Representative Plaintiff and others similarly situated for the time they spent working through unpaid meal breaks, which resulted in overtime violations.

2. On September 29, 2021, Defendant filed its Answer.

3. On December 21, 2021, Representative Plaintiff filed her Motion for Conditional Certification. The Court granted that Motion on July 28, 2022.

4. On September 6, 2022, Plaintiff's counsel issued notices and consent forms to members of the putative collective defined as "All current and former State Tested Nursing Aides (STNA's) who were employed by Defendant Foundations Health Solutions, Inc. at any time from September 2, 2018 to the present." 872 individuals have joined this case.

5. Defendant and Plaintiffs have a bona fide dispute over the merits of the case, including whether the Defendant violated OMFWSA or FLSA, whether wages were unpaid, whether the Plaintiffs are similarly situated, whether the Defendant acted willfully, or whether Defendant acted in good faith.

6. The Court has not made a final appealable ruling on the merits of these bona fide disputes between the parties.

7. On February 6, 2023, the Parties participated in a full-day mediation with Jerome Weiss. The Parties reached an agreement at the mediation.

8. Prior to the mediation, Defendants produced the time and payroll records for the Plaintiffs. Plaintiffs' Counsel hired a PhD to construct a damages model using the records produced by Defendant.

9. The Court finds that the proposed Settlement is fair and reasonable and satisfies the standard for approval under Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The Court finds that the Settlement resulted from arm's length negotiations between experienced counsel after

substantial investigation and a full day of mediation before third-party neutral, Jerome Weiss. Plaintiffs' Counsel has informed the Court that they believe the Settlement is fair, reasonable, and adequate and in the best interests of the Plaintiffs. The Court has considered all relevant factors, including: (1) the risk of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest. *UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (citing *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir. 1992); *Williams v. Vukovich*, 720 F.2d 909, 922–23 (6th Cir. 1983)); *Crawford v. Lexington-Fayette Urban County Gov't*, No. 06-299-JBC, 2008 U.S. Dist. LEXIS 90070, at *13 (E.D. Ky. Oct. 23, 2008).

10. The Court approves the Agreement and orders that the Settlement be implemented according to the terms and conditions of the Agreement and as directed herein.

11. The Court finds that the proposed allocation and calculation of the Individual Settlement Payments to the Plaintiffs are fair and reasonable and approves the proposed distribution of the Individual Settlement Payments, Service Award, and Attorneys' Fees and Costs.

12. The Court grants approval of the Settlement.

13. The Court dismisses this matter and all of the claims alleged in the Complaint under the FLSA and Ohio law with prejudice and enters final judgment. The Court finds there is no just reason for delay and directs the Clerk of the Court to enter this Order Granting Approval of FLSA Settlement immediately.

14. The Court retains jurisdiction over this Action to enforce the terms of the Settlement, including the notice administration and distribution process.

**SO ORDERED:**

Date: 03/17/2023

Christopher A. Boyko

Senior United States District Judge